ABRAHAM EINSTEIN, plaintiff in error, *vs.* C. T. LATIMER *et al.*, defendants in error.

Where a creditor applies for letters of administration upon the estate of his deceased debtor, it was error in the Court to exclude notes and mortgage to secure the same, made by the debtor, which were offered in evidence to show the indebtedness, on the ground that no affidavit had been filed of the payment of taxes thereon. (R.)

Caveat. Administration. Relief Act of 1870. Tax-affidavit. Before Judge SESSIONS. Ware Superior Court. March Term, 1872.

For the facts of this case, see the decision.

JOHN C. NICHOLS; GEORGE B. WILLIAMSON, represented by NEWAN & HARRISON, for plaintiffs in error.

JOHN L. HARRIS, for defendant.

WARNER, Chief Justice.

This case came before the Court below on an appeal from the Court of Ordinary. Einstein applied for letters of administration on the estate of Joseph Hillman, as principal creditor of the intestate. A caveat to the application was filed. On the trial in the Superior Court, the appellant and

the applicant for letters of administration offered in evidence the notes of the intestate and a certified copy of a mortgage from the record, (having accounted for the loss of the original,) for the purpose of showing that he was a creditor of the intestate, which was objected to by the caveators, on the ground that no affidavit had been filed that all legal taxes had been paid on the debts, which objection was sustained by the Court and the evidence rejected. Whereupon the appellant excepted.

The rejection of the notes and copy mortgage, when offered in evidence to show the indebtedness of the intestate to the appellant, because there was no affidavit that the taxes due thereon had been paid, was manifest error. There was no suit on the notes or mortgage, as contemplated by the Act of 1870, requiring an affidavit of the payment of taxes. The notes and mortgage were offered in evidence to show that the appellant was a creditor of the intestate. There is no law, within our knowledge, that requires an affidavit of the payment of taxes to do that; most certainly the Act of 1870 does not require it.

Let the judgment of the Court below be reversed.